# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHERRI L. STOCKS,**

        **Plaintiff,**

**v.**                                       **Case No. 11-C-00581**

**LIFE INSURANCE COMPANY OF
NORTH AMERICA,**

        **Defendant.**

# DECISION AND ORDER

This action is before the Court for a ruling on the applicable law governing the claims of the Plaintiff, Sherri L. Stocks ("Stocks"), in this action. The parties have submitted numerous documents outside the pleadings, including the Plan document that was attached to defendant Life Insurance Company of North America's ("LINA") amended notice of removal and Stocks' affidavit with additional documents attached. The Court begins by summarizing the relevant procedural background and the factual allegations of the Complaint.

## Background

In May 2011 Stocks filed a Complaint against LINA and Grede II LLC ("Grede") in the Circuit Court for Waukesha County, Wisconsin. On June 16, 2011, LINA

removed the case to federal court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

By a January 23, 2012, Decision and Order, the Court noted that the notice of removal was defective because it did not sufficiently plead the citizenship of Grede's members as of the date of removal. Because the deficiency had become material due to Grede's motion to dismiss, the Court directed LINA to file an amended notice of removal identifying all members of the limited liability corporation as of the date of removal. LINA responded by filing an amended notice of removal that relies entirely on federal question jurisdiction. The Court's March 8, 2012, Decision and Order deemed Stocks' fourth cause of action for breach of fiduciary duty to have been amended to be an ERISA claim and dismissed that claim, which was solely against Grede, because the relief sought by Stocks was legal, not equitable, and therefore was unavailable under ERISA. (ECF No. 24.) The Court also dismissed Grede from this action.

According to the Complaint, Stocks was the primary beneficiary of a $50,000 life insurance policy, effective on June 1, 2010 ("the Policy"), issued by LINA to her husband, Jeffrey T. Stocks ("Jeffrey").[1] (Compl. ¶¶ 4-5.) Following Jeffrey's death on August 20, 2010, Stocks submitted a claim to LINA for the death benefit payable under the Policy and LINA denied the claim. (*Id*. at ¶¶ 6-8.) The denial forms the basis for Stocks' causes of action against LINA for breach of contract, bad faith in the denial of her insurance claim, and

---

[1] The Court departs from its usual practice of referring to parties by their surname to distinguish between the Plaintiff and her deceased husband. No disrespect is intended.

2

punitive damages — causes of action one through three, respectively. (*Id*. at ¶¶ 9-10, 12, 16.) With respect to her breach of contract claim, Stocks seeks to recover death benefits she alleges are due under the life insurance policy issued by LINA. With respect to her bad faith claim, Stocks requests damages arising from LINA's bad faith.

Grede, Stocks' employer, was the plan administrator of the group life and accidental death and disability plan ("the Plan") that provided life insurance coverage for Jeffrey. (*Id*. at ¶¶ 18-20.) The Plan had a conversion privilege that allowed participants to convert their group life insurance coverage under the Plan to an individual conversion life insurance policy issued by LINA upon termination of coverage under the Plan. (*Id*. at ¶ 21.)

The definition portion of the Policy states, "[f]or eligibility purposes, an Employee is an employee of the Employer in one of the 'Classes of Eligible Employees.' Otherwise, Employee means an employee of the Employer who is insured under the Policy." In pertinent part, the Employer definition states, "[t]he Employer is acting as an agent of the Insured for the transactions relating to this insurance. The actions of the Employer shall not be considered the actions of the Insurance Company." (Amended Notice of Removal, Ex. 3, 53.) (ECF Nos. 23, 23-3.)

**Analysis**

Section 514(a) of the federal Employee Retirement Income Security Act of 1974, ("ERISA" or the "Act"), states that the Act "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state

3

law claim is preempted by § 514(a) insofar as it relates to a welfare benefit plan. *See Egelhoff v. Egelhoff*, 532 U.S. 141, 146-47 (2001) (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983) ("We have held that a state law relates to an ERISA plan 'if it has a connection with or reference to such a plan.'")). *Trustees of AFTRA Health Fund v. Biondi,* 303 F.3d 765, 773 (7th Cir. 2002), observes that the Supreme Court has taken a more restrictive view of § 1144(a).

LINA maintains that Stocks' claims implicate the right and process of conversion benefits under the terms of an ERISA plan, as distinguished from a claim under a validly issued individual conversion policy and, therefore, the case is governed by ERISA. (LINA's Br. Fed. Subject Matter Juris. & Opp'n Discovery, 4 (citing *White v. Provident Life & Accident Ins. Co.,* 114 F.3d 26 (4th Cir. 1997).) (ECF No. 28-1.)

Stocks contends that ERISA does not apply to her claims against LINA because she is proceeding as a beneficiary under an individual policy issued to Jeffrey, and that in order to establish her claim she is not required to prove that Jeffrey's application was timely. Rather, Stocks asserts that whether or not the date the application was submitted has any effect on the validity of the policy is a defense that can be raised by LINA. Additionally Stocks maintains that her claim is excepted from ERISA's preemption clause because it is based upon Wisconsin Statute § 632.46(1) which regulates insurance, with respect to incontestability provisions. (ECF No. 30.)

4

The court of appeals for this circuit has not addressed the issue of whether and to what extent ERISA preempts the right to conversion and process of conversion and/or conversion policies. The majority position is that conversion policies derived from ERISA plans continue to be governed by ERISA. *See White,* 114 F.3d at 28. *See also*, *Reber v. Provident Life & Acc. Ins. Co.,* 93 F.Supp.2d 995, 1007 n.8 (S.D. Ind. 2000) (collecting cases regarding conversion policies purchased solely by employees, after their employment ceased.)

Despite the divergence of opinions among the circuit courts of appeal on the issue of whether ERISA governs post-conversion policies, they agree that actions involving the right to conversion and the process of conversion are covered by ERISA. *See White,* 114 F.3d at 28 (collecting cases); *Demars v. CIGNA Corp.*, 173 F.3d 443, 445-50 (1st Cir. 1999) (distinguishing between claims involving the right to convert coverage from an ERISA governed plan to an individual policy); *Waks v. Empire Blue Cross/Blue Shield,* 263 F.3d 872, 874-77 (9th Cir. 2001) (commenting that "[w]e have repeatedly held that rights under an ERISA plan and rights relevant to the process of conversion from an ERISA plan are preempted by ERISA."); *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436, 439-40 (8th Cir. 1997); *Howard v. Gleason Corp.*, 901 F.2d 1154, 1156-57 (2d Cir. 1990); *Glass v. United of Omaha Life Ins. Co.,* 33 F.3d 1341, 1346-47 (11th Cir. 1994) ("Clearly, [Plaintiff's] ability to obtain the converted life insurance policy arose from the ERISA plan, and the converted policy itself continued to be integrally linked with the ERISA plan.").

5

Contrary to LINA's assertion, the claims alleged in the Complaint are not limited to the right to conversion or the process of conversion. Stocks alleges that LINA "effective June 1, 2010 issued a life insurance policy . . . to Jeffrey." (Compl. ¶ 4.) LINA's answer asserts that "a policy-related form was generated identifying Jeffrey . . . as the insured, showing a policy number of 60024954, a death benefit in the amount of $50,000, and a purported effective date of June 1, 2010. . . . LINA affirmatively alleges that said form was incorrectly issued based on inaccurate information, and LINA denies that a valid or enforceable conversion policy was issued . . . [and] alleges that [Stocks] and/or [Jeffrey] failed to timely convert within the applicable conversion period." (Ans. ¶ 4.) (ECF No. 4.)

In this case the parties dispute whether or not Jeffrey successfully converted to an individual policy. LINA denies that Jeffrey converted to an individual policy. LINA's defense is governed by ERISA. If LINA establishes its defense, Jeffrey did not have a valid policy. Stocks contends that Jeffrey had an individual policy, and that her claims against LINA are governed by state law, not ERISA.

Given the dispute regarding whether or not there was a converted policy, it would be premature to hold that ERISA preempts Stocks' state law claims. *See e.g., Krukowski v. Omicron Techs., Inc,* No. 10 C 5282, 2011 WL 2560241, at * 3 (N.D. Ill. June 28, 2011). Therefore, at this juncture of the proceedings the Court declines to hold that Stocks' claims are preempted by ERISA.

6

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Court declines to hold that Stocks' claims in this action are governed by ERISA and preempted by ERISA.

Dated at Milwaukee, Wisconsin this 9th day of May, 2013.

BY THE COURT

_____
Hon. Rudolph T. Randa
U.S. District Judge