# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

SHERRI L. STOCKS,

       **Plaintiff,**

    -vs-                       **Case No. 11-C-581**

LIFE INSURANCE COMPANY OF NORTH
AMERICA, and GREDE II LLC,

       **Defendants.**

---

# DECISION AND ORDER

---

This action is before the Court on Plaintiff Sherri L. Stocks' ("Stocks") motion pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6) to vacate the Court's March 8, 2012, Decision and Order granting Defendant Grede II LLC's ("Grede") Rule 12(b)(6) motion to dismiss Stocks' breach of fiduciary duty claim against it. (ECF No. 36). Defendant Grede opposes the motion. (ECF No. 39.)

## Background

Grede was Stocks' employer and the plan administrator of a group life and accidental death and disability plan ("the Plan"). The Plan provided a group life insurance policy for Stocks' late husband, Jeffrey ("Jeffrey"), which was issued by Life Insurance Company of North America ("LINA") and named Stocks as the primary beneficiary. At some point the group policy terminated. Stocks alleged that Grede breached its fiduciary duty as plan administrator by failing to properly advise her and Jeffrey of a conversion

privilege that would have allowed them to convert their group life insurance policy to an individual life insurance policy upon termination of coverage under the Plan. (March 8, 2012, Decision and Order, 3.) (ECF No. 24.) Jeffrey died, and Stocks contended that because they were unaware of the conversion privilege she was unable to receive the $50,000 death benefit provided by the life insurance policy issued to Jeffrey.

While Stocks' primary claims are against LINA, her claim against Grede was framed as in the alternative: "should it be determined that [LINA] is not obligated to pay the death benefit claim of [Stocks] pursuant to the Policy, then [Stocks] has been damaged by Grede's breach of fiduciary duty as Plan Administrator of the Plan in an amount not less than the death benefit." (Compl. ¶ 25.) Stocks brought her action against Grede pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") §502(a)(3).[1]

Grede filed a motion to dismiss Stocks' §502(a)(3) claim, asserting that it failed as a matter of law because ERISA does not allow individuals to recover compensatory damages for a breach of fiduciary duty. (Def.'s Mem. Mot. Dismiss, 2.) (ECF No. 9.) In opposition, Stocks contended that the Supreme Court's decision in *CIGNA Corp. v. Amara*, 131 S.Ct. 1866 (2011), allowed her to bring a claim for a breach of fiduciary duty against her employer under §502(a)(3).

This Court granted Grede's motion to dismiss holding: "[h]aving determined that the relief Stocks seeks is, in reality, a form of legal relief not permitted under § 502(a)(3)

---

[1] Stocks initially did not specify whether she brought her claims pursuant to Wisconsin state law or ERISA. She subsequently clarified that she brought her claim against Grede under ERISA. (*See* Court's March 8, 2012, Decision & Order, 5-6.)

- 2 -

and that her claim therefore fails as a matter of law . . . Grede's Rule 12(b)(6) motion to dismiss is granted." (Court's March, 8, 2012, Decision and Order, 11.) In dismissing Stocks' claim, the Court held that *CIGNA* was not applicable because it is factually distinguishable from Stocks' claim. *CIGNA* involved the reformation of a benefits plan, whereas Stocks sought to have her Plan enforced as written in her policy. (*Id.* at 7.) *CIGNA* held that equitable relief under §502(a)(3) may take the form of monetary compensation, but the claim must be equitable, not legal.

The Court further justified granting the motion to dismiss by citing *Kenseth v. Dean Health Plan, Inc*., 610 F.3d 452 (7th Cir. 2010) ("*Kenseth I*"), to interpret and support the holding in CIGNA. *Kenseth I* held that ERISA does not allow the type of relief Stocks requested because ERISA only authorizes equitable relief, not legal relief, for an alleged breach of fiduciary duty. *Kenseth I*, 610 F.3d at 481-83.

On June 20, 2013, over a year after this Court's decision and order granting Grede's motion to dismiss, the Court of Appeals for the Seventh Circuit issued *Kenseth v. Dean Health Plan, Inc.,* 722 F.3d 869 (7th Cir. 2013) ("*Kenseth II*"), and vacated *Kenseth I. Kenseth II* held that equitable claims may be entitled to make-whole relief in the form of monetary compensation for a breach of fiduciary duty under ERISA. *Kenseth II*, 722 F.3d at 882.

## Analysis

Pursuant to Fed. R. Civ. P. 60(b)(5) and (6), Stocks seeks to vacate the Court's order dismissing Grede, contending it is subject to changes in decisional law. (Pl.'s Mem. Mot. Vac., 3.) (ECF No. 37.) Rule 60(b)(5) allows for relief from a judgment or order if

- 3 -

"the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Rule 60(b)(6) allows for "any other reason that justifies relief." Rule 60(b)(6) is a residual clause of Rule 60(b) and may only be asserted if there is a reason for relief other than the justifications listed in 60(b). *De Filippis v. United States.*, 567 F.2d 341, 343 (7th Cir. 1977), *overruled in part on other grounds*, *United States v. City of Chicago,* 663 F.2d 1354, 1359-60 (7th Cir. 1981). The sole reason offered by Stocks to vacate the Court's order is that it was based on a vacated judgment. Therefore, her motion is properly analyzed under Rule 60(b)(5), not Rule 60(b)(6).

A court order may be vacated based on a significant change in statutory or decisional law. *Agostini v. Felton,* 521 U.S. 203, 215 (1997). Rule 60(b)(5) may apply if the decision was based on a prior judgment that was "a necessary element of the decision." *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 650 (1st Cir. 1972). A prior judgment which only provides precedent for the court's decision is not sufficient. *Id.* In determining whether the prior judgment was a necessary element, the court inquires whether the changed circumstances would constitute a grievous wrong that would justify a change in the court's order. *United States v. Swift & Co.,* 286 U.S. 106, 119 (1932). In the present case, the changed circumstances in *Kenseth II* do not justify vacating the Court's order and reinstating the claim against Grede

*Kenseth II* vacated *Kenseth I* by allowing make-whole relief in the form of money damages for equitable claims. While under rare circumstances equitable relief may be awarded in money damages, the ruling in *Kenseth II* does not change the fact that Stocks'

- 4 -

claim against Grede was legal and *not* equitable.  In its decision and order the Court rephrased Stocks' claim as, "if LINA is not obligated to pay ordinary monetary contract damages to Stocks, then Grede is on the hook to pay those same damages." (Decision and Order, 8-9.)  The Court concluded, "an interest in money which is akin to a property interest may give rise to equitable relief, but an interest in money created purely by contract will not."  (*Id.* at 10.)  Because Stocks sought to enforce a monetary interest based on her contract, her legal claim was not authorized by ERISA.

Further, *Kenseth I* did not play a critical role in this Court's ruling.  *Kenseth I* was used to support the holding found in *CIGNA*—the primary case the Court relied upon in granting Grede's motion to dismiss.  Absent *Kenseth I*, the Court would still have granted the motion to dismiss Stocks' § 502(a)(3) claim against Grede.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Stocks' motion to vacate (ECF No. 36) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2014.


**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 5 -